IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dawn Guba, et al.,                                           Case No. 3:13CV592

       Plaintiffs

       v.                                                         **ORDER**

Huron County, Ohio, et al.,

       Defendants

       This procedural-due-process case under 42 U.S.C. § 1983 is back before me on a motion by the plaintiffs, Dawn Guba and Shawn Ward, to alter or amend the judgment. (Doc. 50).

       Plaintiffs alleged that the defendants, Huron County, Ohio and its various agencies and employees, failed to remit to Guba certain child-support payments that Ward had paid into the Huron County Child Support Enforcement Agency. (Doc. 13 at ¶¶68–72).

       According to the plaintiffs' complaint, this deprivation began in 2008 and continued through 2013. (*Id.* at ¶¶25–27); *see also Guba v. Huron Cnty.*, 600 F. App'x 374, 377 (6th Cir. 2015)

       On the defendants' motion for summary judgment, I concluded there was "no evidence from which a jury could find that Ward made a payment that the Agency did not disburse to Guba." *Guba v. Huron Cnty., Ohio*, 2016 WL 3952119, *14 (N.D. Ohio). I therefore ruled that no reasonable jury could find that the defendants deprived the plaintiffs of their protected property interests.

       The motion for reconsideration rehashes one argument that I resolved in the summary-judgment order, and raises another argument that the plaintiffs have never made before.

Neither is an appropriate use of a Rule 59(e) motion. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."); *Howard v. U.S.*, 533 F.3d 472, 475 (6th Cir. 2008) ("Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment.").

### A. Ward's Cash Payments

Plaintiffs first argue that I overlooked evidence showing that Ward made cash payments to the Agency that it never remitted to Guba. (Doc. 50 at 4). They point, in particular, to Ward's testimony that he made several cash payments "[b]etween the time [he was] laid off from Tech System and before [he] started work at Mickey Mart." (*Id.* at 5).

As I observed in the summary-judgment order, however, *Guba*, *supra*, 2016 WL 3952119, at *1, Ward made these payments in 2007, before the plaintiffs' difficulties with the Agency began. Whether Ward made any cash payments in 2007 is therefore immaterial *vis-a-vis* the Agency's alleged failure to distribute Ward's child-support payments between 2008 and 2013.

Plaintiffs also repeat their factually unsupported claim (for which they again cite no record evidence) that Guba and Agency Investigator Stacy Rader "assert[ed] . . . that Guba was not receiving monies deposited into the Agency by Ward[.]" (Doc. 50 at 5).

As I have already explained, neither Guba nor Rader actually testified that Ward made a cash payment that Guba did not receive. *Guba*, *supra*, 2016 WL 3952119, at *13 & n.29–30. Rather, Rader testified that Ward told her that he made cash payments that Guba did not receive. *Id.*, at *13. But that is inadmissible hearsay, *see id.*, at *13 & n.30, and insufficient to avoid summary judgment.

When they testified under oath, moreover, Ward never said he made a payment that Guba did not receive, *id.*, at *13 n.29, and Guba acknowledged that she had no evidence to support her

2

"feeling" that she did not receive all the support payments to which she was entitled. (Doc. 45–11 at 51).

My conclusion that plaintiffs introduced no evidence that the Agency failed to remit any of Ward's child-support payments to Guba was not clearly erroneous.

### B. Ward's Tax Refunds

Plaintiffs' second argument is that "the Court overlooked the fact that two years worth of Mr. Ward's income tax refunds . . . were intercepted by the Agency [and] went unpaid to Plaintiff Guba by the Agency." (Doc. 50 at 8).

The argument that I "overlooked" this fact is meritless for the simple reason that plaintiffs never made that argument before, whether in their original complaint (Doc. 1), their amended complaint (Doc. 13), their appeal to the Sixth Circuit, *Guba*, *supra*, 600 F. App'x at 376–78, 379–84, or their opposition to summary judgment (Doc. 46). Indeed, the phrase "tax refund," or even the word "tax," does not appear in any pleading that the plaintiffs have filed in this case, nor does it appear in the Sixth Circuit's opinion.

Defendants represent without contradiction,[1] moreover, that they asked plaintiffs, during discovery, "to provide . . . all tax filings for ten years and all documents supporting any claim made in their Amended Complaint." (Doc. 52 at 5). According to the defense, they "received no tax information from Shawn Ward in response to these requests[.]" (*Id.*).

This failure to turn over evidence supporting a due-process claim based on the tax refunds only underscores my conclusion that this issue was simply never a part the plaintiffs' case.

---

[1] Plaintiffs neglected their opportunity to file a reply in support of the Rule 59(e) motion. (Doc. 51).

Rather, the case was about the defendants' alleged failure to remit to Guba those child-support payments Ward allegedly made, whether in cash at the Agency's office or *via* garnishment of his wages, to the Agency. Plaintiffs failed to show a genuine issue of material fact on that question, and they may not use a Rule 59(e) motion to prosecute a new theory of the case.

Accordingly, I will not reconsider the grant of summary judgment to the defense.

It is, therefore,

ORDERED THAT plaintiffs' motion to alter or amend (Doc. 50) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge